IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Joe Hand Promotions, Inc., | ) | |
| | ) | Civil Action No. 6:13-2467-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Upstate Recreation d/b/a Leeg's Nightclub and Chris Ruegsegger, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff, Joe Hand Promotions, Inc., filed this action asserting claims under the Communications Act, 47 U.S.C. § 605, and the Cable Communications Policy Act, 47 U.S.C. § 553, as well as a state law claim for conversation. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Plaintiff's motion for summary judgment against Defendant Chris Ruegsegger (ECF No. 37) be granted; Plaintiff's motion for default judgment against Defendant Upstate Recreation, d/b/a Leeg's Nightclub (ECF No. 40) be granted; and that the motion to dismiss filed by Defendant Chris Ruegsegger (ECF No. 42) be denied. (ECF No. 61). The Report further recommended the award of statutory or actual damages and attorney fees as set forth below, and required Plaintiff to elect between recovery on the statutory claim or the conversion claim. Plaintiff filed a declaration indicating that it seeks recovery on the statutory claim and not the conversion claim. (ECF No. 65). The parties were advised of their right to file objections to the Report. (ECF No. 61-1). However, no objections have been filed, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report and the record in this case, the court adopts the magistrate judge's Report (ECF No. 61) and incorporates it herein. Accordingly, Plaintiff's motion for summary judgment against Defendant Chris Ruegsegger (ECF No. 37) is **GRANTED**; that Plaintiff's motion for default judgment against Defendant Upstate Recreation d/b/a Leeg's Nightclub (ECF No. 40) is **GRANTED**; and that the motion to dismiss filed Defendant Chris Ruegsegger (ECF No. 42) is **DENIED.**

It is further **ORDERED** that Plaintiff be awarded (1) statutory damages in the amount of $10,000, enhanced damages in the amount of $25,000, and attorneys' fees and costs in the amount of $2,757.50, for a total award of $37,757.50 on its claim under 47 U.S.C. § 605. It is further **ORDERED** that Defendants be jointly and severally liable for the damage award elected by Plaintiff.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

February 18, 2015
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.